[915 NYS2d 107]

In the Matter of JOHN J. McGRATH, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, December 28, 2010

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge, for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated August 3, 2009, containing two charges of professional misconduct. After a preliminary conference on January 11, 2010, and a hearing on January 27, 2010, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved for any relief nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in two investigations into allegations of professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The Grievance Committee received a complaint dated November 19, 2008, from Sekai Maswoswe alleging that after she retained the respondent to assist her in a proceeding pursuant to CPLR article 78, and a subsequent appeal, challenging her dismissal from Cornell Law School, the respondent failed to respond to her repeated communications. By letter dated December 5, 2008, the Grievance Committee requested the respondent's answer to that complaint within 10 days and advised him that an unexcused failure to submit an answer constitutes professional misconduct independent of the merits of the complaint.

By letter dated December 19, 2008, the respondent requested an extension of time until January 15, 2009 to submit his answer. Grievance counsel informed the respondent that his request was acceptable provided that his answer was received by the Grievance Committee by January 15, 2009. The respondent failed to submit an answer.

By letter dated March 24, 2009, sent via certified mail, the Grievance Committee notified the respondent that his failure to

cooperate constitutes professional misconduct independent of the merits of the complaint and requested his answer within 10 days. The respondent failed to submit an answer or request additional time in which to do so.

The Grievance Committee received a complaint on December 3, 2008 from Christopher W. Michaelis, the parent of a special needs child alleging that after retaining the respondent to represent his son in a special education case before his school district, the respondent failed to communicate and neglected the matter. By letter dated December 22, 2008, the Grievance Committee requested an answer to that complaint within 10 days and advised the respondent that an unexcused failure to submit an answer constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

By letter dated March 24, 2009, sent via certified and ordinary mail, the Grievance Committee again directed the respondent to submit a written answer within 10 days and advised him that an unexcused failure to submit an answer constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer.

By letter dated April 24, 2009, sent via certified and ordinary mail, the Grievance Committee again directed the respondent to reply within 10 days and again advised him that an unexcused failure to submit an answer constitutes professional misconduct independent of the merits of the complaint. The respondent neither answered nor requested additional time in which to do so.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to cooperate with the Grievance Committee in its investigations, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Based on the respondent's unequivocal admissions at the hearing and in a stipulation dated January 11, 2010, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's disciplinary history consists of a letter of caution dated May 27, 2009, for conduct which occurred prior to this proceeding. He

was cautioned to use proper care to safeguard the interests of his client by promptly responding to client inquiries, providing his client with his professional opinion as to what he believed the ultimate outcome of the client's matter would be so as to permit that client to make an informed decision with respect to the course of action to be taken and zealously represent the matter to its conclusion to avoid prejudice or damage to the client.

Inasmuch as the respondent ultimately answered the complaints and in view of the mitigation advanced, in particular, the remedial measures undertaken, including the hiring of two associates and curtailment of various outside activities, and his good standing in the community, he is publicly censured for his failure to cooperate with the Grievance Committee's investigations.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ENG, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.