[917 NYS2d 639]

In the Matter of VINCENT J. GRANDE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 15, 2011

## APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Westbury (*Chris G. McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated January 26, 2009 containing two charges of professional misconduct. After a preliminary conference on November 9, 2009 and a hearing on December 18, 2009, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent's counsel has submitted an affirmation in opposition to the Grievance Committee's motion to confirm, in which he asks that the Court confirm the Special Referee's report solely to the extent of sustaining the charge alleging that the respondent committed a negligent act in failing to file an answer in an action he was entrusted to defend, but requests the Court to disaffirm so much of the report as recommended sustaining charge two, and to impose a public censure.

Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about July 2004, Specialized Industrial Services Corp. (hereinafter Specialized) was served with a summons and complaint in an action (hereinafter the action) commenced by Dave Sandel, Inc. (hereinafter DSI). Specialized retained the respondent to represent it in that matter.

The respondent failed to serve or file an answer to the complaint or to appear in the action, or to advise his client of that failure. In an affirmation of regularity dated November 12, 2004, DSI's counsel alleged that Specialized was in default and requested an inquest. In an order dated December 15, 2004, the Honorable Mary M. Werner of the Supreme Court, Suffolk County, scheduled an inquest for January 13, 2005. The respon-

dent failed to advise his client of that order, but the inquest was adjourned.

By order to show cause dated January 26, 2005, the respondent moved to vacate the order dated December 15, 2004, and extend the time to answer the complaint in the action. The respondent alleged that his failure to answer was the result of law office failure and a family emergency. The respondent, however, failed to submit an affidavit of merit, and did not advise his client of the submission of the order to show cause.

In an order dated July 7, 2005, the Supreme Court, Suffolk County, denied the respondent's motion, noting that although the respondent's excuse of law office failure was reasonable, he failed to submit a sufficient affidavit of merit. In the same order, the Supreme Court rescheduled the inquest for August 25, 2005. The respondent failed to advise his client of the Supreme Court's order.

The inquest was again adjourned, this time to November 3, 2005. The respondent failed to advise his client of the adjournment. Although the respondent appeared for the inquest on that date, no representative of Specialized was there, and the inquest was conducted and concluded.

In a judgment in favor of DSI and against Specialized dated November 14, 2005, the Supreme Court, Suffolk County, awarded DSI the sum of $412,366.98, inclusive of interest. The respondent failed to advise his client that an inquest had been held and that a judgment had been entered against it when, on or about November 17, 2005, Specialized's bank advised it that its bank accounts had been restrained as a consequence of the judgment.

In or about November or December 2005, Specialized discharged the respondent and retained new counsel in connection with the action. Between the date that the respondent was retained to defend the action and the date he was discharged, the respondent continually and falsely informed Specialized that all matters were under control and that he was handling everything.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Based on the respondent's admissions and the credible evidence adduced at the hearing, the Special Referee properly

found that the respondent neglected a legal matter entrusted to him and engaged in conduct adversely reflecting on his fitness as an attorney. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, the Special Referee erroneously found that, in the respondent's 9½ years of practice, this is the only time that the respondent has been charged with a violation of a disciplinary rule. In fact, the respondent's disciplinary history consists of an admonition dated February 28, 2006, for neglecting a legal matter entrusted to him by other clients. The Grievance Committee found incredible the respondent's claim that he was told in January 2002 to "hold off" working on that case. In addition, by advising his clients that he would pay them for any losses out of his own pocket, the respondent violated the prohibition set forth in Code of Professional Responsibility DR 6-102 (a) (22 NYCRR 1200.31 [a]) by seeking to limit his individual liability without first advising the client that independent representation would be appropriate.

In addition, the respondent was issued a letter of caution dated June 29, 2006, for failing to cooperate with an investigation of the Grievance Committee of the Suffolk County Bar Association.

The Special Referee found incredible the respondent's claim that he communicated his missteps to his client, and offered this lack of candor as a factor for the Court to consider in determining an appropriate sanction.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ENG, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Vincent J. Grande, is suspended from the practice of law for a period of six months, commencing March 17, 2011, with leave to the respondent to apply for reinstatement by motion to this Court with a return date not more than one month prior to the expiration of the period of suspension, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3)

complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Vincent J. Grande, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Vincent J. Grande, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).