OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a petition containing three charges of professional misconduct. Following the hearing, the Special Referee sustained charges one and two, but did not sustain charge three. The Grievance Committee now moves to confirm so much of the report of the Special Referee as sustained charges one and two, to disaffirm so much of the report as did not sustain charge three, and to impose such discipline as the Court deems appropriate. The respondent cross-moves to confirm the Special Referee’s report, and to impose such discipline as the Court deems appropriate. We find that the Special Referee properly sustained charges one and two. However, we find that the Special Referee improperly declined to sustain charge three, and that charge three should have been sustained based upon the evidence adduced.
Charge one alleges that the respondent misappropriated client funds for his own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a).
At all relevant times, the respondent maintained an account at JPMorgan Chase Bank (hereinafter the escrow account) in connection with his practice of law. On or about February 1, 2009, the balance in the escrow account was $166.30. At or about that time, the respondent received $10,000 in a fiduciary capacity on behalf of his client, Livie Lamothe (hereinafter the Lamothe funds). The respondent deposited the Lamothe funds into the escrow account, bringing the balance on deposit up to $10,166.30. Subsequently, the respondent was required to maintain and preserve the Lamothe funds in escrow, pending *214 further instructions from his client. Between February 2, 2009, and February 23, 2009, the respondent drew 14 checks against the escrow account, totaling $7,595.63, and made additional transfers from the account, totaling $1,898.09, to pay his own bills and expenses. The respondent did not have Lamothe’s permission to utilize the escrow funds for his own use and benefit. On or about February 24, 2009, the balance on deposit in the escrow account was $1,347.10. On or about April 14, 2009, the respondent drew check number 732 against the escrow account, in the amount of $10,000, payable to “Alessandro Marra, as escrow agent,” on Lamothe’s behalf. When check number 732 was presented for payment, on or about April 22, 2009, it was dishonored due to insufficient funds.
Charge two alleges that the respondent commingled client funds with personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a).
From on or before February 2, 2009, through and including May 30, 2009, the respondent deposited legal fees and other personal or business funds into the escrow account. The respondent also drew checks and otherwise disbursed funds from the escrow account to pay his own bills and expenses. At or about this same time, client funds, including the Lamothe funds, were simultaneously on deposit in the escrow account.
Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h), based upon the factual specifications of charges one and two.
In view of the respondent’s admissions and the evidence adduced, we find that the Special Referee properly sustained charges one and two. We find, further, that charge three should have been sustained. Inasmuch as the evidence established that the respondent, inter alia, misappropriated funds, he is guilty of conduct that reflects adversely on his fitness as a lawyer (see e.g. Matter of McGrath, 80 AD3d 254 [2010]; see also Matter of Cohen, 139 AD2d 221 [1988]). The Grievance Committee’s motion to confirm so much of the report of the Special Referee as sustained charges one and two, and to disaffirm so much of the report as did not sustain charge three, is granted, and the respondent’s cross motion to confirm the Special Referee’s report is granted as to charges one and two, and is otherwise denied.
*215 In determining an appropriate measure of discipline to impose, we note that the respondent has no prior disciplinary history. Indeed, the respondent has an unblemished record, save for the subject incident, which occurred during a brief time span in the beginning of 2009. Additionally, the subject misconduct did not result in any pecuniary loss or injury to the single client whose funds he misappropriated. In fact, according to the respondent’s testimony, which was not disputed, he had deposited a check into his escrow account to cover the $10,000 check before he wrote it, but, unbeknownst to him, the check that he deposited had not cleared at the time the $10,000 check was presented for payment. Upon becoming aware that the $10,000 check was dishonored due to insufficient funds, and that the Grievance Committee had commenced an investigation, the respondent immediately sought the assistance of counsel, cooperated with the Committee’s investigation, and did “everything in power to make sure that there is not a reoccurrence,” including reorganizing his law office and his banking procedures. The respondent evidences remorse, and submitted six letters attesting to his good character, and his contributions to the community.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
Eng, EJ., Mastro, Rivera, Skelos and Chambers, JJ., concur.
Ordered that the petitioner’s motion to confirm so much of the report of the Special Referee as sustained charges one and two of the petition, and to disaffirm so much of the petition as did not sustain charge three, is granted; and it is further,
Ordered that the respondent’s cross motion to confirm the report of the Special Referee is granted as to charges one and two of the petition, and is otherwise denied; and it is further,
Ordered that the respondent, Marc A. Francis, admitted as Marc Anthony Francis, is censured for his professional misconduct.