[31 NYS3d 574]

In the Matter of GARY JOHN ROBBINS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 18, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Russo, Karl, Widmaier & Cordano, PLLC*, Hauppauge (*Charles C. Russo* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner), personally served the respondent with a petition dated December 16, 2014, containing three charges of professional misconduct. By an answer dated May 11, 2015, the respondent admitted all the allegations of the petition, and requested a hearing for the purpose of presenting evidence in mitigation. After a pretrial conference held on June 30, 2015, and a hearing held on September 29, 2015, the Special Referee sustained all charges. The petitioner now moves for an order confirming the report of the Special Referee, and imposing such discipline upon the respondent as the Court deems appropriate. The respondent joins in the petitioner's motion to confirm, and asks this Court to consider, among other things, the evidence he presented in mitigation when determining an appropriate sanction to impose.

Charge one of the petition alleges that the respondent engaged in conduct prejudicial to the administration of justice in violation of former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), now Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d), and charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), now Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), based upon the following:

On or about September 6, 2006, Joseph Daramola and Dawn Daramola retained the respondent to prosecute a claim for damage to real property owned by their son, Olakunle Daramola. The respondent commenced an action by filing a summons and verified complaint, both dated August 3, 2007, in

Supreme Court, Nassau County, entitled *Olakunle Daramola v County of Nassau*, under index No. 013689/07 (hereinafter the civil action). The verified complaint was sworn to by Olakunle Daramola, whose signature was purportedly notarized by the respondent, on August 3, 2007. However, Olakunle Daramola did not appear before the respondent on August 3, 2007, and did not sign the verification in the respondent's presence.

Charge three alleges that the respondent neglected a legal matter entrusted to him, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b). Charge three repeats and realleges the factual specifications of charge one. After the respondent commenced the civil action, the defendant filed a verified answer with the court on or about December 3, 2007. Although the respondent twice advised Olakunle Daramola, by emails dated September 20, 2012 and June 24, 2013, that he would request a conference with the court, he failed to do so. In fact, from on or about December 3, 2007, through the date of the petition, December 16, 2014, the respondent failed to take any action to prosecute the civil action on behalf of his client.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the petitioner's motion to confirm the Special Referee's report, in which the respondent joins, is granted.

In determining an appropriate sanction to impose, the Court has considered the personal family stresses the respondent faced during the period when the misconduct occurred, his candor, and expressed remorse, as well as the evidence of his good character. However, it is noted that the respondent's disciplinary history is an aggravating factor, as it includes a letter of caution issued in March of 2009, to ensure, among other things, that he devote the proper attention to a client's legal matter. Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months (*see Matter of Grande*, 81 AD3d 174 [2011]).

ENG, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Gary John Robbins, is suspended from the practice of law for a period of six months,

commencing June 20, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 21, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Gary John Robbins, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Gary John Robbins, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).