Motion by John J. McGrath, in effect, to amend so much of an opinion and order of this Court dated July 5, 2017, as directed that his suspension from the practice of law for a period of six months commence on August 4, 2017. By order to show cause of this Court dated August 3, 2017, the suspension was stayed pending hearing and determination of the motion.
 

 Upon the papers filed in support of the motion and the papers filed in relation thereto, it is
 

 Ordered that the motion is granted, the opinion and order of this Court dated July 5, 2017 (Matter of McGrath, 152 AD3d 92 [2017]) is recalled and vacated, and the following opinion and order is substituted therefor:
 

 Disciplinary proceedings instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 15, 2000. By decision and order on application of this Court dated May 19, 2016, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on a verified petition dated March 1, 2016, and the issues raised were referred to the Honorable Georgia Tschiember, as Special Referee, to hear and report.
 

 Per Curiam.
 

 The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 1, 2016, containing three charges of professional misconduct. After a prehearing conference on August 30, 2016, and a hearing on October 21, 2016, the Special Referee issued a report which sustained all the charges. The Grievance Committee now moves to confirm the Special Referee’s report and for the imposition of such discipline upon the respondent as the Court deems just and proper. The respondent joins in the motion to confirm, and asks that the Court impose a sanction no greater than a public censure.
 

 Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about December 2012, the respondent was retained by Yolanda Thompson to commence an action on behalf of her, her husband, and her two children against the Riverhead Central School District and Sandra Hummer, a teacher in the school district. On April 10, 2013, the respondent filed a summons with notice in the Supreme Court, Suffolk County, commencing an action against the Riverhead Central School District and Hummer alleging defamation, intentional infliction of emotional distress, and discrimination. The summons with notice was required to be served by August 10, 2013, within 120 days of the date of filing the summons with notice. On or about August 1, 2013, the summons with notice was served upon Hummer. On or about August 26, 2013, the summons with notice was served upon the Riverhead Central School District, after expiration of the 120-day period. On or about August 23, 2013, the respondent was served with a notice of appearance and demand for a complaint by Hummer. The respondent failed to serve a complaint, timely or otherwise, on Hummer. In or about November 2013, Hummer served the respondent with a motion to dismiss the action. The respondent did not oppose the motion. By order dated January 23, 2014, the motion to dismiss was granted, and the action against Hummer was dismissed. The respondent failed to take any further action on behalf of his clients.
 

 Charge two alleges that the respondent failed to keep his clients reasonably informed about the status of the matter, in violation of rule 1.4 (a) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent failed to inform Thompson that (1) the defendant Riverhead Central School District was not timely served with the summons with notice, and (2) the respondent was served with a motion to dismiss by Hummer. Following service upon him of the notice of appearance and demand for a complaint on or about August 23, 2013, the respondent failed to communicate any further with Thompson.
 

 Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual allegations specified in charges one and two.
 

 Based on the evidence adduced, and the respondent’s admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report, in which the respondent joins, is granted.
 

 The respondent has an extensive disciplinary history. In 2011, in a personally delivered letter, he was admonished for neglect of a client matter. In 2010, he was censured for not cooperating with the Grievance Committee’s investigations of two complaints (see Matter of McGrath, 80 AD3d 254 [2010]). In 2009, he was cautioned twice for not keeping his clients informed.
 

 In seeking a public censure, the respondent asks that the following mitigating factors be taken into consideration by the Court: his candor and remorse, his reputation as a hardworking attorney, his dedication to assisting special education students, the lack of venality, his longstanding problem with alcoholism, and his success at obtaining sobriety. With respect to his prior disciplinary history, the respondent contends that it should not be treated as an aggravating factor by the Court because the underlying misconduct stemmed from alcoholism, as did the misconduct involved in the present proceeding.
 

 We reject the respondent’s contention that his extensive disciplinary history should not be treated as an aggravating factor. Although the Special Referee found that the respondent testified credibly with regard to his problems with alcoholism, we note that no medical testimony or documentation was submitted at the hearing to support the respondent’s contention that his alcoholism was a longstanding problem. Furthermore, in a prior separate disciplinary proceeding (see Matter of McGrath, 80 AD3d 254 [2010]), the respondent raised various mitigation factors, but alcoholism was not one of them.
 

 Under the totality of the circumstances, we conclude that the respondent’s neglect warrants a suspension from the practice of law for a period of six months.
 

 Eng, P.J., Mastro, Rivera, Dillon and Barros, JJ., concur.
 

 Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
 

 Ordered that the respondent, John J. McGrath, is suspended from the practice of law for a period of six months, commencing September 20, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 20, 2018. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
 

 Ordered that the respondent, John J. McGrath, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
 

 Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John J. McGrath, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
 

 Ordered that if the respondent, John J. McGrath, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).