Matter of Gonzalez (2021 NY Slip Op 02296)





Matter of Gonzalez


2021 NY Slip Op 02296


Decided on April 14, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
ANGELA G. IANNACCI, JJ.


2019-12678

[*1]In the Matter of Carlos Gonzalez, an attorney and counselor-at-law. (Attorney Registration No. 4341707)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 28, 2005. By order to show cause dated December 20, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by order of the United States District Court for the District of Connecticut, Western District, dated May 4, 2017.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for the Grievance Committee for the Ninth Judicial District.
Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order dated May 4, 2017, the United States District Court for the District of Connecticut, Western District (hereinafter the District Court), ordered, inter alia, that the respondent be issued a public reprimand for his professional misconduct.
The Connecticut Proceedings
On April 29, 2016, Robert Foy filed a complaint against the respondent with the Grievance Committee (hereinafter the Connecticut Grievance Committee) for the District Court. Foy alleged that on or about October 21, 2013, the respondent, acting as Foy's attorney, filed a civil action (hereinafter the civil action) against the City of New Haven, New Haven Police Department, and various city officials (see Foy v City of New Haven, Civil Action No. 3:313-CV-01542 [D Conn] [W WE]). The civil action alleged that Foy had been subjected to false arrest, false imprisonment, malicious prosecution, conspiracy, intentional infliction of emotional distress, and negligence at the hands of the New Haven Police Department, and sought damages of $20 million.
Foy alleged that on October 30, 2015, the civil action was dismissed after the respondent failed to file either an amended complaint or opposition papers to the defendants' pretrial motion to dismiss. Foy stated that despite "numerous" attempts to reach the respondent, he was unable to do so. When Foy called the respondent he would leave a voice mail or a message with the respondent's secretary, but the respondent did not return Foy's calls. Based on Foy's complaint, an investigation was commenced by the Connecticut Grievance Committee concerning the respondent's alleged: (1) failure to act diligently and promptly; (2) failure to keep Foy informed of the status of his case and comply with Foy's requests; and (3) failure to inform Foy of the termination of their attorney-client relationship.
During the investigation by the Connecticut Grievance Committee, the respondent stated, among other things, that there had come a time when he questioned the veracity of Foy's allegations; that he made multiple attempts to contact Foy by letter, but as he would later find out, Foy had been incarcerated on an unrelated matter.
After a hearing, where the respondent appeared and was represented by counsel, the Connecticut Grievance Committee found, by clear and convincing evidence, that the respondent committed misconduct in violation of the Connecticut Rules of Professional Conduct (hereinafter the CRPC) rule 1.3, by failing to respond on Foy's behalf to the motion to dismiss, or in the alternative failing to file an amended complaint, and by failing to take reasonable steps to resolve the factual questions the respondent had regarding his client's claim, which as a result, caused the civil action to be dismissed; violated CRPC rule 1.4(a) and (b), by failing to promptly reply to requests for information made by Foy and by failing to explain developments in the civil action in order to allow Foy to make informed decisions; and violated CRPC rule 1.16(d), by failing to take the necessary steps to protect Foy's interests when the respondent terminated the attorney-client relationship and by failing to confirm the termination in writing.
Thereafter, pursuant to Local Rule 83.2(c) and (d), Local Rules of Civil Procedure, United States District Court for the District of Connecticut, the respondent waived a hearing before the District Court and instead agreed to the imposition of discipline by stipulation, subject to approval by the court. The stipulated discipline was approved by the District Court (Alfred V. Covello, J.) by order dated May 4, 2017, and a public reprimand was imposed, based on the findings of the Connecticut Grievance Committee that the respondent had violated CRPC rules 1.3, 1.4(a), (b) and 1.16(d). Further, the respondent was required to attend continuing legal education courses in legal ethics and office management.
The New York Proceedings
By order to show cause dated December 20, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this state pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the District Court, dated May 4, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee).
In an affidavit, received on February 10, 2020, the respondent acknowledges having no defenses to the imposition of reciprocal discipline in New York, and requests that this Court mirror the discipline imposed by the District Court. The respondent did not raise mitigating factors other than to highlight the fact that, although he was "late" in notifying the Grievance Committee of his Connecticut discipline, he "did so voluntarily."
In response, the Grievance Committee notes that the respondent failed to timely report his Connecticut discipline to this Court, or any other body vested with the authority to take action.
Findings and Conclusion
Here, the District Court found, inter alia, that the respondent failed to submit responsive papers to the motion seeking to dismiss the civil action, or alternatively file an amended complaint, and failed to take reasonable steps to resolve his factual questions regarding Foy's claim, resulting in the civil action being dismissed. The respondent also failed to promptly reply to Foy's requests for information, and failed to explain to Foy developments in the civil action, denying Foy the ability to make informed decisions. Lastly, the respondent was found to have failed to take the necessary steps to protect Foy's interests when the respondent terminated the attorney-client relationship and by failing to confirm the termination in writing.
After the District Court entered a disciplinary order on May 4, 2017, the respondent failed to timely inform this Court as required by 22 NYCRR 1240.13(d). Further, the Court finds the respondent's prior disciplinary history, which consists of three admonitions involving misconduct similar to that which forms the basis of the Connecticut order, is a substantial aggravating factor.
In view of the foregoing, we find that reciprocal discipline is warranted based on the findings of the District Court, and as such, under the circumstances, a six-month suspension is warranted (see Matter of McGrath, 153 AD3d 1258).
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and IANNACCI, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Carlos Gonzalez, is suspended from the practice of law for a period of six months, commencing May 14, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 14, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or [*2]attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Carlos Gonzalez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Carlos Gonzalez, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Carlos Gonzalez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court