Matter of Gonzalez (2021 NY Slip Op 06848)





Matter of Gonzalez


2021 NY Slip Op 06848


Decided on December 8, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ANGELA G. IANNACCI, JJ.


2020-04594

[*1]In the Matter of Carlos Gonzalez, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Carlos Gonzalez, respondent. (Attorney Registration No. 4341707)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Carlos Gonzalez, for discipline on consent. In a prior separate proceeding under Appellate Division Docket No. 2019-12678, by opinion and order of this Court dated April 14, 2021, the respondent was suspended from the practice of law for a period of six months, effective May 14, 2021 (Matter of Gonzalez, 194 AD3d 152). The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 28, 2005.



Catherine A. Sheridan, Acting Chief Counsel, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Alter & Barbaro, Brooklyn, NY (Bernard Mitchell Alter of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, dated June 12, 2020, and June 10, 2020, respectively. The respondent filed an answer dated July 6, 2020, and an amended answer dated July 7, 2020. The Grievance Committee thereafter served and filed a statement of disputed and undisputed facts dated July 27, 2020, which was not challenged by the respondent. By decision and order on motion of this Court dated January 28, 2021, inter alia, the matter was referred to Kevin J. Plunkett, as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a suspension from the practice of law for a period of 18 months, to run consecutively to the suspension imposed by this Court's prior opinion and order dated April 14, 2021. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated May 19, 2021, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on May 19, 2021, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
The Fred Matter
On or about February 18, 2010, Luis A. Fred was arrested in Bronx County, New York, and charged with various criminal offenses based upon an incident alleged to have occurred on or about February 7, 2010. On or about April 30, 2013, Fred met with and asked the respondent to represent him in a civil rights action against the New York City Police Department (hereinafter [*2]NYPD), alleging false arrest, based upon his February 2010 arrest and prosecution. At the time of that meeting, although the respondent was aware that the statute of limitations with respect to Fred's cause of action already had expired, the respondent agreed to investigate and pursue Fred's false arrest claim. Thereafter, on or about May 6, 2013, the respondent filed a notice of claim with the City of New York for Fred, on which he listed himself as Fred's attorney of record. However, after conducting a subsequent review of information obtained from Fred, including the various records from the underlying arrest and prosecution, the respondent concluded that Fred's false arrest claim could not be proven and took no further action on Fred's behalf.
The Fobbs-Adams Matter
The respondent represented Kim Fobbs-Adams in a criminal matter in the City of New York, in which he succeeded in having the charges dismissed on speedy trial grounds. Shortly thereafter, the respondent filed an action on behalf of Fobbs-Adams in the United States District Court for the Southern District of New York against the City and the NYPD, alleging violations of her right to a speedy trial, violations of her civil rights under 42 USC § 1983, malicious prosecution, infliction of extreme emotional distress, harassment, and municipal liability for their prosecution of the criminal action against Fobbs-Adams. In a decision dated June 19, 2017, determining the defendants' motion for dismissal by summary judgment, the Honorable P. Kevin Castel found that the claims advanced on behalf of Fobbs-Adams in the federal action lacked legal and/or factual merit, and dismissed the federal action in its entirety.
Thereafter, although the respondent initially pursued an appeal of Judge Castel's decision on Fobbs-Adams's behalf, he discontinued that appeal when, while attending an appellate conference, he was advised that further pursuit of appellate relief in the Fobbs-Adams matter was lacking in merit and might result in an application for sanctions. Instead, in March 2018, the respondent filed a summons with verified complaint in the New York State Supreme Court that once again alleged that the City, as well as the Bronx County District Attorney's Office and Bronx County Assistant District Attorney Rhea Thomas, had engaged in the malicious prosecution of Fobbs-Adams by bringing the criminal action, thereby violating her civil rights under 42 USC § 1983.
The Miles Matter
On or about April 13, 2015, Craig Miles retained the respondent to pursue a personal injury action and civil rights claim against the City of New York and the New York City Human Resources Agency (hereinafter HRA) on the basis of injuries he allegedly sustained in an incident that occurred while he was visiting an HRA office on or about April 10, 2015. Following a hearing pursuant to General Municipal Law § 50-h held on or about July 6, 2015, and a subsequent review of Miles's medical records in or about October 2015, the respondent concluded that causation and/or the physical injuries claimed by Miles could not be proven. Moreover, in or about April, 2018, the applicable three-year statute of limitations expired, thereby rendering any arguably viable remaining cause of action time-barred. Despite this, the respondent failed to timely notify Miles that his claim could not be proven and/or that it had become time-barred.
Further, in or about late 2018 and/or early 2019, the respondent was in communication with Miles about both the status of his personal injury claim and other unrelated legal matters. During these communications, the respondent continued to advise Miles that a viable theory of recovery might remain possible in the personal injury matter, and that the action against the HRA that he previously had been retained to pursue might be filed soon. On or about April 23, 2019, the respondent was examined under oath by the Grievance Committee, at which time he testified, in sum and substance, that while no action had yet been filed, the Miles case remained active and awaiting discovery, and that he and Miles were contemplating initiating the action within the next few weeks.
The Delacruz Matter
On or about January 29, 2019, Lourdes Delacruz retained the respondent for the sum of $1,500 to represent her in a pending landlord-tenant eviction matter. At the time she retained the respondent, Delacruz made him aware that she had an upcoming court appearance scheduled in the matter for February 22, 2019, and provided him with documents related to the matter. Notwithstanding, the respondent thereafter failed to enter a notice of appearance in the landlord-tenant matter, failed to request an adjournment of the February 22, 2019 court date, and failed to appear in court on February 22, 2019.
The Ferris Matter
On or about June 19, 2018, Christian Ferris retained the respondent to pursue a [*3]recovery on the basis of a claim that another individual had filed a fraudulent deed on a parcel of real property in January 2015, without satisfying one or more prior liens Ferris held on the property at the time (hereinafter the lien recovery matter). Under the terms of their agreement, Ferris paid the respondent a $1,750 retainer fee, against which the respondent agreed to thereafter bill at the rate of $250 per hour. The respondent subsequently learned that Ferris's claim in the lien recovery matter suffered from a lack of evidentiary proof, and that the claim itself was time-barred by a three-year statute of limitations that had expired approximately six months before Ferris retained him. Notwithstanding, the respondent failed to timely advise Ferris about the existence of either of the foregoing bars to an action with respect to the lien recovery matter, and, on or about June 18, 2019, met with Ferris and continued to discuss a plan for moving forward with the action.
Lack of Candor
On various dates and times between on or about November 18, 2018, and June 27, 2019, complaints of professional misconduct were filed against the respondent with the Grievance Committee by Luis Fred, Kim Fobbs-Adams, Craig Miles, Christian Ferris, Lourdes Delacruz, and Janet Carosella. During the Grievance Committee's inquiry into each of these complaints, the respondent was asked to complete a standard background questionnaire and return it with his answer to the complaint. Question 10 of that questionnaire asked the respondent: "Have you ever had a complaint of attorney misconduct filed against you which resulted in any disposition, other than a dismissal, by any agency or body other than the Grievance Committee for the 9th Judicial District?" The question further directs that: "If so, provide the name and address of the agency and the nature and date of final disposition." Notwithstanding, in one or more of the foregoing grievance matters, the respondent submitted background questionnaires with his responses wherein he failed to disclose that he had received a Letter of Admonition from the Departmental Disciplinary Committee for the First Judicial Department and/or that he had been publicly censured by the United States District Court, District of Connecticut. Further, during sworn testimony given at one or more examinations under oath conducted by the Grievance Committee in the course of its inquiries into the above-referenced grievance matters, the respondent disclosed that he had previously been the subject of attorney disciplinary investigations conducted by both the Departmental Disciplinary Committee for the First Judicial Department and the United States District Court, District of Connecticut, but denied that he had been the subject of any professional discipline in either of those jurisdictions. Moreover, when given an opportunity to correct his sworn testimony, post-appearance, after one such examination, the respondent supplied the Grievance Committee with an update that still failed to accurately recite his disciplinary history in the two above-noted jurisdictions.
As required by 22 NYCRR 1240.8(a)(5)(ii), the respondent has submitted an affidavit with this joint motion in which he conditionally admits the foregoing facts, and that those facts establish that he (1) failed to provide competent representation to clients; (2) failed to act with reasonable diligence and promptness while representing clients; (3) neglected a legal matter entrusted to him; (4) failed to reasonably consult with clients about the means by which the client's objectives were to be accomplished; (5) engaged in frivolous conduct; (6) engaged in conduct involving misrepresentation; (7) engaged in conduct prejudicial to the administration of justice; and (8) engaged in other conduct that adversely reflects upon his fitness as a lawyer, in violation of rules 1.1(a), 1.3(a) and (b), 1.4(a)(2) and (3), 3.1(a), and 8.4(c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The respondent consents to the agreed discipline of an 18-month suspension, to run consecutively to the suspension imposed by this Court's prior opinion and order dated April 14,
2021, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent asserts, inter alia, that this Court should consider the significant personal challenges with which he was dealing at the relevant time; the remedial measures implemented; and the lack of venality.
As to the appropriate sanction, the parties contend that an 18-month suspension is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that an 18-month suspension from the practice of law, to run consecutively to the suspension imposed by this Court's prior opinion and order dated April 14, 2021, is warranted in view of the totality of the circumstances, including the [*4]respondent's admitted misconduct as well as the mitigating factors presented herein.
LASALLE, P.J., MASTRO, RIVERA, DILLON, and IANNACCI, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, Carlos Gonzalez, a suspended attorney, is suspended from the practice of law for a period of 18 months, commencing November 14, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 14, 2022. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Carlos Gonzalez, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Carlos Gonzalez, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Carlos Gonzalez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court