Matter of Odessky (2022 NY Slip Op 02266)

Matter of Odessky

2022 NY Slip Op 02266

Decided on April 6, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2018-11254

[*1]In the Matter of Susan Hull Odessky, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Susan Hull Odessky, respondent. (Attorney Registration No. 2314037.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated August 15, 2018. The respondent served and filed a verified answer dated October 27, 2018. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 7, 1990.

Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.
London & Robin, New York, NY (Avrom Robin), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee served the respondent with a verified petition dated August 15, 2018, containing three charges of professional misconduct. The respondent served and filed a verified answer dated October 27, 2018, in which she admitted the factual allegations and took no position on the legal arguments and conclusions of law asserted in the verified petition. As neither the Grievance Committee nor the respondent requested a hearing before a special referee, by decision and order on motion of this Court dated January 11, 2019, the parties were directed to file a written statement with the Court addressing (1) whether the charges against the respondent should be sustained, (2) any mitigating or aggravating circumstances, including any prior disciplinary history, and (3) the appropriate discipline to be imposed. Subsequently, the parties filed papers addressing the alleged misconduct, the mitigating and aggravating circumstances, and the appropriate disposition.
The Petition
Charge one alleges that the respondent neglected a legal matter entrusted to her, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In or about January 2012, the respondent became of counsel to the law firm of Sokoloff Stern, LLP (hereinafter the law firm). Thereafter, the law firm was retained by an inmate (hereinafter John Doe) of Green Haven Correctional Facility, who wished to challenge the results of a decision following an inmate disciplinary proceeding, issued on or about August 9, 2013, which resulted in Mr. Doe being punished with 365 days in the Special Housing Unit and loss of good time credit. The respondent was assigned to handle Mr. Doe's case.
On or about February 18, 2014, the respondent filed, on Mr. Doe's behalf, a notice of petition and petition for a judgment pursuant to CPLR article 78 in the Supreme Court, Dutchess [*2]County. By decision and order dated April 30, 2014, the Supreme Court, Dutchess County, ordered the transfer of Mr. Doe's article 78 proceeding to this Court pursuant to CPLR 7804(g). The respondent was required to submit a brief to this Court by October 30, 2014. The respondent requested, with the stipulation of the parties, and received an extension to December 1, 2014, to file the brief. Thereafter, her request for an extension to file the brief was granted until December 31, 2014, and then to March 20, 2015, with no further enlargements of time to be granted.
The respondent did not file a brief in support of Mr. Doe's article 78 proceeding with this Court. By email dated May 6, 2015, the respondent communicated to Mr. Doe's wife (hereinafter Jane Roe), among other things, that the Court gave the respondent an additional two weeks to file the brief in support of Mr. Doe's article 78 proceeding. The respondent's assertion that she was given an additional two weeks by this Court to file the brief was not true.
By decision and order on motion of this Court dated June 10, 2015, Mr. Doe's article 78 proceeding was dismissed.
Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Between May 6, 2015, and July 28, 2017, the respondent sent approximately 24 emails to Ms. Roe wherein the respondent provided false information to Ms. Roe about the status of Mr. Doe's article 78 proceeding. The respondent sent the emails to Ms. Roe knowing that the respondent did not file the brief required to maintain Mr. Doe's article 78 proceeding as an active matter. Twenty-three of those emails were sent after the article 78 proceeding was dismissed by decision and order of this Court dated June 10, 2015.
Notwithstanding that Mr. Doe's article 78 proceeding was already dismissed for failure to file a brief, the respondent drafted and executed a brief dated July 30, 2015, showed the brief to Ms. Roe and/or Mr. Doe, and advised Ms. Roe by email dated January 10, 2017, that the respondent had filed the brief in support of Mr. Doe's article 78 proceeding in August 2015.
In emails she sent to Ms. Roe between September 30, 2015, through July 28, 2017, the respondent falsely advised Ms. Roe, among other things, that she sent a motion to the Court requesting a decision, that she requested and obtained a court conference, that she filed an order to show cause, that after speaking to a clerk she learned that the Court would have a decision by the end of the month, and also that she had to appear in Court on a date and time certain.
Charge three alleges that based on the factual allegations asserted in charges one and two, the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
In view of the respondent's admissions, we find that the respondent neglected Mr. Doe's matter by failing to file a brief with this Court in support of Mr. Doe's article 78 proceeding, and over the course of two years, provided false information to Ms. Roe and/or Mr. Doe about the status of Mr. Doe's article 78 proceeding. Accordingly, we conclude that the three charges of professional misconduct should be sustained.
In mitigation, the respondent requests that this Court consider evidence of her personal hardships, admission of wrongdoing and expressed remorse, public service, pro bono and charitable works, the imposition of other penalties as the respondent was terminated from her job, and her unblemished disciplinary history.
In view of the respondent's misconduct and the mitigating factors presented, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of six months (see Matter of McGrath, 153 AD3d 1258, Matter of Robbins, 141 AD3d 14).
LASALLE, P.J., DILLON, DUFFY, BARROS, and CONNOLLY, JJ., concur.
ORDERED that the charges as alleged in the verified petition dated August 15, 2018, are sustained; and it is further,
ORDERED that the respondent, Susan Hull Odessky, is suspended from the practice of law for a period of six months, commencing May 6, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 7, 2022. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully [*3]complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Susan Hull Odessky, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Susan Hull Odessky, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Susan Hull Odessky, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court